NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD LYNN STAGGS, | No. 20-17317 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02843-KJM-KJN |
| v. | |
| P. KELLY, Correctional Sergeants; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Ronald Lynn Staggs appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and

conspiracy claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113,

1118 (9th Cir. 2012). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Staggs's due process claims because Staggs failed to allege facts sufficient to show that he was denied any procedural protections that were due, or that the loss of any privileges implicated a constitutionally protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (due process requirements for prison disciplinary proceedings); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (under the Due Process Clause, a prisoner may challenge a state disciplinary action only if it "deprives or restrains a state-created liberty interest in some 'unexpected manner'" or "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995))).

To the extent Staggs alleged a conspiracy claim under 42 U.S.C. § 1985(3), the district court properly dismissed the claim because Staggs failed to allege facts sufficient to show that defendants conspired to violate his civil rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth elements of a § 1983 conspiracy claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-17317